UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS STRUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-502-FRB |
| | ) |
| PAULA ADAMS, MARTHA | ) |
| BELLEW-SMITH, MARGARET | ) |
| CHESSEY, CYNTHIA CODY, | ) |
| JAY ENGLEHART, MARY | ) |
| HARRELSON, SHIELA LIGHT, | ) |
| LINDA MEADE, DAWN PHILLIPS, | ) |
| MARISA RICHARDSON, | ) |
| JOHNATHON ROSENBOOM, | ) |
| REBECCA SEMAR, MARY SHANDS | ) |
| and LINDA WHITENER, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of Dennis Strutton for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiffs is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint

Plaintiff, who is confined at the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and declaratory relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are, according to plaintiff, collectively called the treatment team. Plaintiff challenges the conditions of his confinement, asserting that defendants' practices, policies and procedures are grossly negligent.

### Discussion

Missouri's Sexually Violent Predators Act ("SVPA") authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility and who (1) have pled guilty or been found guilty of a sexually violent offense; (2) have been found not guilty of a sexually violent offense by reason of mental disease or defect; or (3) were committed as a

2

criminal sexual psychopath. Mo. Rev. Stat. 632.480(5)(a)-(b). The SVPA provides that, when probable cause exists to suspect that a person is a "sexually violent predator," the person may be held pending the outcome of a civil commitment proceeding in the probate court. Mo. Rev. Stat. § 632.489. Confinement under the SVPA, however, is nonpunitive. *Kansas v. Hendricks*, 521 U.S. 346, 362-63 (1997).

As a civil detainee under the SVPA, plaintiff is not a "prisoner" for the purposes of the federal in forma pauperis statute. 28 U.S.C. § 1915(h) (defining "prisoner"). But, the federal in forma pauperis statute, 28 U.S.C. § 1915, applies to actions brought by both prisoners and non-prisoners. Prisoners, however, are required to provide more financial information to the federal courts than non-prisoners (*e.g.*, certified account statement) and prisoners must pay the entire filing fee - albeit in installments over time. Consequently, this Court may review the instant complaint under 28 U.S.C. § 1915(e)(2) even though plaintiff is not a prisoner.

Plaintiff has lodged his complaint against defendants collectively as " the treatment team." He alleges that "the treatment team" is responsible for all conditions at MSOTC. As such, plaintiff has made no specific factual allegation as to any individual defendant and has made no assertion that any individual defendant was personally involved in or directly responsible for the incidents that injured him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Because plaintiff has not alleged that any defendant was directly responsible for or had personal knowledge of any condition or policy of which he complains, this

3

action is not cognizable under § 1983 and must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 4] be **GRANTED**, and plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **DENIED** as moot. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this ___18th___ day of ___July___, 2005.

_____
UNITED STATES DISTRICT JUDGE

4